Moncure, J.
An agreement was entered into between the appellees and the appellant in this case, similar to those which were entered into between the appellees and the appellant in the case just decided, of The Baltimore & Ohio Rail Road Company v. Polly, Woods & Co., except that in this case the work to be done was on the 161st and 162d sections of said road. The agreement bears date on the 20th day of January 1851, the work was to be completed on or before the first of June 1852, and the prices agreed to be paid for the different kinds of work were generally different from the prices agreed to be paid for similar work in that case.
The work was finished on the 1st of December 1852. The monthly and final estimates were made of the quantity, character and value of the work, as provided for in the said agreement.
In June 1853 the appellees instituted an action of assumpsit against the appellant. The declaration contained but two counts, to wit, the indebitatus count, and the account stated. No bill of particulars appears in the copy of the record which is before this court; though it is probable that one was filed with the declaration. After various proceedings were had in the action, a verdict was found for the appellees on the *480 general issue, for fifteen thousand three hundred and seven dollars and sixty cents, with interest thereon from the 20th day of December 1852 until paid; and-judgment was rendered accordingly on the 5th of July 1854.. The appellant obtained a supersedeas to the judgment.
The first error assigned in the petition for the supersedeas, is the rejection by the court of .three special pleas which were offered by the defendant. They are similar to the three special pleas which were offered and rejected in the case of The Baltimore & Ohio Rail Road Company v. Polly, Woods & Company; except that the first special plea in this case avers full payment of the amount ascertained by the final estimate. And for reasons assigned in that case, I amCof opinion that the court did not err in rejecting the three special pleas in this.
The second assignment of error is founded on .the defendant’s second bill of exceptions. On the trial of the cause, the plaintiffs having offered evidence of work done by them for the defendant, proposed to examine a witness (Charles De Hass) as to the amount and value of the work; and thereupon the defendant objected to the admissibility of such evidence, and offered to prove that the whole of said work was done’under a written contract, duly executed' by the plaintiffs and defendant (and set out in hcec verba in the bill of exceptions) ; and that a final estimate of said work had been made according to the provisions of said contract; which objection the court overruled, and the defendant excepted.
The question presented by this assignment of error, is the same in effect with the question presented by the second assignment of error in the case above referred to: and for reasons given in that case, I am of opinion that the court did not err in overruling the objection above mentioned.
*481 The third and last assignment of error is, the refusal of the court to give the three instructions asked for by the defendant, and the giving of certain other tions in lieu of the second and third. This assignment of error is founded on the defendant’s third and plaintiffs’ second bills of exception, which refer to each other, and are to be taken together. From which it appears that on the trial of the cause the plaintiffs having offered evidence tending to prove the cause of action as declared upon, and the defendant having proved the written contract aforesaid, and offered evidence tending to prove that the work in the declaration mentioned was done under that contract; and having further offered in evidence papers purporting to be monthly and final estimates of the local or resident engineer mentioned in said contract; and the plaintiffs having offered evidence tending to impeach said estimates, and show mistake and error on the face of them; and the defendant having offered evidence to sustain them ; and the plaintiffs and defendant having proved facts tending to show a waiver in the times of the performance of said contract and alteration of some of the terms thereof; the defendant thereupon moved the court to instruct the jury as follows, viz:
1st; that if they believe from the testimony that the work, &c. set out in the first count of the declaration, and charged in the bill of particulars, was done by the plaintiffs under the said written contract; then although they may further believe from the testimony that no proper and sufficient final estimate of said work has been made by the engineer charged with that duty, according to the terms of the contract, the plaintiffs are yet not entitled to recover under said first count, unless they further show that, after a demand or other proper exertions on their part, they have been unable to procure such a final estimate as is required by the contract.
*482 2nd; that if they believe, &c. (as above); then that Pontiffs are not entitled to recover under said count, unless they have further shown, either that they had given or had offered to give to the defendant a release under seal, from all claims or demands whatsoever growing in any manner out of said contract.
3d; that if they believed, &e. (as above); and further, that in accordance with said contract, a final estimate of said work, &c. has been made out by said engineer; and that the fall amount of said estimate has been paid by the defendant to the plaintiffs; then, in the absence of any proof of fraud or other misconduct on the part of said engineer, they ought to find for the defendant so far as said first count is concerned.
These instructions the court refused to give; but in lieu thereof, or of the second and third, gave the following :
“ The contract between plaintiffs and defendant, provides for the performance of certain kind of work for the defendant, and the mode and times of ascertaining the quantity and nature of such work as the same shall have been executed, and fixes the compensation for each respective kind. The contract provides for embankment, earth excavation, loose rock excavation, and solid rock excavation; and the character of these different kinds of work, besides this general classification, are again more specially defined in the contract. From the general language used in their classification, and from the very nature of the subject, it is apparent that at no stage of the work, where there is any gradual change in the character of the material to be removed, there can be a precise ad-measurement or ascertainment, by any agency or method which might have been adopted, of the quantity,, and especially of the character of either or each class; but something must be left to the judgment of one or the other party, or to some proper substitute. Hence, *483 in the provision for ascertaining quantities and classi.fication, the term “estimate” is properly used, rather than the more precise and definite term of “ ment,” as the amount of the respective classes of work could not be ascertained in advance, and it was desirable that the plaintiffs should be paid in whole or in part for their work as it progressed; and as it was necessary for the defendant that its work should be done in a given order of time and in a sufficient and proper manner, it became essential to the convenience and conducive to the ascertainment of the rights of the parties, that a “ mutual agent” of the plaintiffs and defendant should be appointed for the purpose of making these estimates at stated intervals, and with diligence, fidelity and skill. By the contract, this mutual agent was the local or resident engineer.
“This mutual agent having been provided by the contract, you should receive and adopt his estimates as correct, and the onus or burden of proof to impeach them is thrown upon the plaintiffs. But it is competent for the plaintiffs to show that those estimates are produced by fraud and corruption, or they may show mistake or error, patent or open to inspection on the face of the estimates; but that it is not competent by extraneous proof, to show mere error of classification or ascertainment of quantity. You are to ascertain whether there was a waiver of the contract by the parties; and for this purpose you will weigh all the circumstances of the transaction, the relative position of all the parties, and any-other circumstances of forbearance or oppression which you may find touching this matter in the testimony, to ascertain the fact and character of this waiver, and to what extent there has been any deviation or alteration therefrom by common consent, viz : in the time of performance and in the joint mode of executing the same by the plaintiffs and the defendant.
*484 “ If you shall find that there was a waiver of time in the performance of the contract, and you are further satisfied that the plaintiffs have a right, under the instructions herein given, as to fraud, corruption or mistake, to recover, then the terms of compensation fixed in the contract, will govern your finding as to all the work to which its terms apply, and which was performed by the plaintiffs. If from the facts and circumstances of the case you find there was a waiver of the time of performance, and that thereby the defendant reserved to itself authority to place a force on the work to complete the execution thereof, in the manner in which the same was done by the defendant, then you will charge the plaintiffs with the cost of the work so done by the company, its agents and laborers. The court is of opinion that the monthly estimates are divisible contracts, whereby it was provided that those estimates should be made and fixed by the contract, and these estimates or divisible contacts are governed by the principles herein stated.
“ That in the presence of fraud or patent error, the final estimate of the engineer, as in the case of monthly estimates, is not conclusive, but to be governed by the like principles of investigation herein given you in charge. But in ascertaining whether there was any fraud or corruption on the part of the resident engineer, you will weigh all the testimony before you, treating the estimates of the resident engineer as frima facie correct, and consider opinions, knowledge and facts of the scientific witnesses as delivered in testimony on either side, and give them such weight as in your judgment they may be justly entitled to. If you find no fraud or corruption in the resident engineer, nor any error and mistake on the face of the estimates, you should find for so much and to such extent in favor of the defendant. If, on the other hand, you find mistake and error on the face of those esti *485 mates you will correct such estimates to the extent of such error and mistake; and if you find fraud and corruption in the resident engineer, then you will apply the testimony to the case, and ascertain, as far as practicable, the actual amount of work done by the plaintiffs, its classification, and allow them therefor according to the terms of the contract. These instructions apply to the first count in the declaration.”
The three instructions asked for by the defendant are very much like the first three instructions asked for by the defendant in the case of The Baltimore & Ohio R. R. Co. v. Polly, Woods & Co. before referred to. The first instruction in this case is identical, in substance at least, with the first in that; and for reasons assigned in that, I think the Circuit court did not err in refusing to give it. It is stated in the bill of exceptions that the plaintiffs offered evidence tending to impeach the final estimate. They might have impeached it by proving fraud in the engineer in making it out; though certainly such proof ought to have been very clear to have had that effect. If so impeached, I think, as I said in that case, that it was not incumbent on the plaintiffs to show that they demanded, or used other exertions to procure any other final estimate.
The only difference between the second instruction asked for in this case and the second asked for in that, is, that while both treat the giving or offering to give a release as a condition precedent to the action, the words “ upon their receiving the full amount of final estimates properly made out,” &c. are inserted in the latter, but not in the former. These words are of some importance, and their insertion in the second instruction asked for in this case would have rendered it less objectionable in form than it is. But still I think the refusal of the court to give the instruction was calculated to mislead the jury, and make them believe that, under no circumstances and with no qualification, *486 was the giving or offering to give a release a condition precedent. The instruction should have been given a slight modification, basing it upon the further belief of the jury, “that a final estimate was made according to the contract, and without fraud.”
The third instruction asked for in this case is the same, in substance, with the third asked for in that, and ought to have been given in the form in which it was asked for. The only question as to the propriety of doing so arises from the fact that it does not expressly appear from the bill of exceptions that any evidence was offered to prove payment of the amount of the final estimate, or any part thereof; and therefore it may be said that the instruction involves an abstract proposition. This ground was not relied on by the Circuit court, nor was it taken by the counsel of the appellees, in the argument before this court, doubtless because there was in fact evidence before the jury of the payment of the whole amount of the final estimate. It was not expressly stated in the bill of exceptions that evidence of the fact had been offered, probably because the fact was not denied. It was not one of the controverted questions in the case. But though it was not so stated, I yet think it sufficiently appears that there was evidence of payment before the jury to authorize the giving of the instruction. There was evidence before them that the monthly estimates required by the contract were regularly made; and the object of requiring them was, that four-fifths of the amount of each, as made, might be paid to the plaintiffs. The amount of the verdict is not one-third as large as the amount of the final estimate.
I also think the Circuit court erred in giving the instruction which it did in lieu of the second and third instructions asked for by the defendant. The instruction given was very long and complicated, and calculated to mislead the jury. The second and third in *487 structions asked for presented, or were obviously intended to present, two simple propositions, upon which the defendant had a right to have the opinion of the court briefly and plainly expressed to the jury. The second required only a slight modification; the third none at all, and could not well be improved, in form or substance. In the long instruction given in lieu of them, not a word is said about the release, which is the gist of the second, nor the payment, which is the gist of the third. The court might properly have embodied the substance of the two in one instruction, in the form or to the effect following, to wit:
“If the jury believe from the evidence that the contract offered in evidence was entered into between the parties, that the work, &c. set out in the first count of the declaration, was done, &c. under and by virtue of that contract, and that a final estimate was made according to the said contract, and without fraud; then the plaintiffs are not entitled to recover under the said first count:
1st; without proving that before this action was instituted they gave or offered to give to the defendant, upon receiving the balance appearing to be due on the said final estimate, a release under seal from all claims or demands whatsoever growing in any manner out of the said contract. Nor
2d; if the jury believe from the evidence that before the action was instituted the amount of said final estimate was paid by the defendant to the plaintiffs.”
The plaintiffs also excepted to the instruction given by the court; but I do not think it was prejudicial to them. I do not mean to deny the correctness of any of the legal propositions stated therein. Most if not all of them may be correct; though I express no opinion as to that. I consider the instruction objectionable, as a substitute for the second and third asked for *488 by the defendant, as being abstract in some respects, an<^ as being calculated to mislead the jury. There is another bill of exceptions in the case, which perhaps ought to be briefly noticed. The defendant having offered in evidence certain papers, purporting to be such monthly and final estimates as are provided for in said contract, the plaintiffs objected to -their admission, and the defendant offered certain evidence of witnesses to show their admissibility; whereupon the court excluded one of them, to wit, the paper purporting to be the monthly estimate of March 1852, but admitted all the rest, and both parties excepted : the defendant, to the exclusion of one of the papers, and the plaintiffs, to the admission of the rest. I think the Circuit court did not err in either respect.
But for other errors before mentioned, I think the judgment ought to be reversed, the verdict set aside, and the cause remanded for a new trial.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed.